UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JODI TSHIAWUKE DIBWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-331-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TOYOTA MOTOR NORTH AMERICA, | ) | **MEMORANDUM ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jodi Tshiawuke Dibwe is a resident of Lexington, Kentucky.  Proceeding without an attonrey, Dibwe filed a Complaint against Toyota Motor North America and Derek Lipscombe.  [Record No. 1].  He also filed a motion for leave to proceed *in forma pauperis.* [Record No. 2].  Dibwe's fee-related motion indicates that he lacks sufficient assets and income to pay the filing and administrative fees in this case.  Thus, the Court will grant Dibwe's request for pauper status.

However, the Court has screened Dibwe's pleading pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss this action.  While Dibwe claims that the Defendants discriminated against him based on his race and terminated his employment in violation of Title VII of the Civil Rights Act of 1964, his factual allegations are hard to track, do not comply in any meaningful way with Rule 8 of the Federal Rules of Civil Procedure, and fail to state a claim upon which relief may be granted.  This warrants dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Notably, Dibwe does not clearly assert any allegations directly against Defendant Lipscombe.  [Record No. 1]  Moreover, the factual allegations that Dibwe does assert are

- 1 -

limited to one page of his pleading, and those allegations are exceedingly difficult to follow and certainly do not constitute a short and plain statement of his claim. [*See* Record No. 1 at 7.] Instead, Dibwe makes a series of statements that lack a meaningful context, such as alleging that he "was harassed by white team leader because my dress," articulating a need for unspecified "medical attention," saying that he "accused a Muslim man who blasphemed against my religion,"[1] suggesting that someone made a threatening statement related to a distinction between Israel and Palestine, and referencing a colleague's funeral service. [*Id.*] While Dibwe is not required to include detailed factual allegations, he is required to provide enough factual allegations to raise a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Since Dibwe's pleading does not meet that standard, the Court will dismiss his Complaint, just as it has dismissed other civil actions he previously filed. *See Dibwe v. Toyota Motor North America, et al.,* No. 5:25-cv-302-DCR, at Record No. 5 (E.D. Ky. Sept. 2, 2025); *Dibwe v. Toyota Motor North America*, No. 5:25-cv-232-CHB, at Record No. 7 (E.D. Ky. Aug. 1, 2025). Accordingly, it is hereby

     **ORDERED** as follows:

     1.    Plaintiff Dibwe's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. Payment of filing and administrative fees in this matter is **WAIVED**.

     2.    Dibwe's Complaint [Record No. 1] is **DISMISSED**.

     3.    This action is **STRICKEN** from the Court's docket.

---

[1] Dibwe does not claim the Defendants discriminated against him based on his religion. [*See* Record No. 1 at 4, Section III.D. (showing that Dibwe did not check the box regarding religion).]

Dated:  September 18, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky